# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

FILED
NOV 2 2 2019
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:19-MJ- 314
150 Johnson Way, Chuckey, Tennessee )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
150 Johnson Way, Chuckey Tennessee, as more fully described on Attachment A.

located in the _____Eastern_____ District of _____Tennessee_____, there is now concealed *(identify the person or describe the property to be seized)*:
See items described on Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 842(a)(3), (I); 27 C.F.R. §§ 555.26 and 555.164 | Unlawful Receipt of an Explosive and Unlawful Storage of an Explosive |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Bryan C. Williams, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/22/2019

_____
*Judge's signature*

City and state: Greeneville, Tennessee    Cynthia Richardson Wyrick, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

FILED
NOV 22 2019
Clerk, U.S. District Court
Eastern District of Tennessee
At Greeneville

I, Bryan C. Williams, make this affidavit in support of my request for the issuance of a search and seizure warrant under Rule 41, Federal Rules of Criminal Procedure, and state the following:

**I.   AGENT BACKGROUND**

1. I am a Special Agent with ATF, an agency of the United States Department of Justice, and I have been a Special Agent since July 2015. I am an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in United States Code, Titles 18 and 26, and to request warrants pursuant to Rule 41 of the Federal Rules of Criminal Procedure.

2. I have specialized training and experience in the area of illegal firearms possession, firearms trafficking, drug distribution, gangs, undercover operations, surveillance and debriefing informants and suspects. All references herein to any experience refers to experience gained through training, conducting firearms and controlled substances investigations, and participating in those investigations with other experienced investigators, as well as conversations with other law enforcement officers.

3. Prior to 2015, I was employed as a Federal Probation Officer in the Eastern District of Tennessee for five years. As a Federal Probation Officer, I became familiar with Federal Law and the United States Sentencing Guidelines. As an ATF Special Agent, I am assigned and work criminal investigations in the ATF Greeneville, Tennessee office, a Satellite Office of ATF's Nashville Field Division.

4. I have participated in, and have been assigned to, multiple investigations involving illegal firearms possession and manufacturing, illegal destructive device possession and

1

manufacturing, and federal crimes of violence. Presently, my primary assignment is to conduct investigations involving firearm offenses, firearms trafficking, violent crimes, drug trafficking, and money laundering occurring throughout the Eastern District of Tennessee. This includes, among other things, conducting investigations of organizations trafficking firearms, individuals illegally possessing or making firearms, violent gangs, firearm offenses, and narcotics violations. Additionally, I have acquired knowledge and experience about firearms and ammunition and the interstate nexus of firearms and ammunition, due to investigations, research, records, familiarity, conferring with other experts, training, and teaching. I prepare reports and official correspondence relating to the identification, origin, and classification of firearms and ammunition under the provisions of the Federal firearms laws.

5. Through training, investigations and experience, I have taken part in cases relating to the trafficking of firearms, the use and possession of firearms by persons prohibited by law, and the possession of illegal firearms and firearms parts, and am familiar with and have participated in various methods of investigations, including, but not limited to: electronic surveillance, physical surveillance, interviewing and general questioning of witnesses, use of confidential informants, and use of cooperating witnesses. I have debriefed confidential informants and cooperating witnesses regarding the habits and practices of people engaged in the illegal trafficking of firearms. Furthermore, I have conducted and participated in numerous investigations to include: crime scene investigations, collection of evidence, interviews and the execution of search warrants.

6. The details and information stated in this Affidavit are based on my training, experience, and personal knowledge, as well as a compilation of witness statements, facts, and events investigated by me, other law enforcement officers, and other Federal agencies, who

investigated and confirmed their veracity or oversaw their development. The information in this affidavit is provided for the limited purpose of establishing probable cause sufficient for a search warrant. The information is not a complete statement of all the facts related to this case or a verbatim recitation of statements made.

7. I make this Affidavit to support a Search Warrant for the property described on Attachment A to search for and seize all evidence more fully described on Attachment B.

## II. NATURE OF THE INVESTIGATION

From my training, experience, and consultation with other knowledgeable law enforcement agents and experts, I know that Nitroglycerin is a listed, regulated explosive under the list of explosives promulgated under 18 U.S.C. § 841(d) and 27 C.F.R. § 55.23. My investigation concerns the suspected unlawful receipt of Nitroglycerin in violation of 18 U.S.C. § 842(a)(3) and 27 C.F.R. § 555.26 and the suspected unlawful storage of Nitroglycerin in violation of 18 U.S.C. §§ 842(l) and 27 C.F.R. § 555.164.

## III. PROBABLE CAUSE

1. On or about November 19, 2019, I received second-hand information from an individual named Jeremy Fairbanks ("Fairbanks"). Fairbanks has a criminal record and is a presently unindicted target of pending Federal investigations in the District of Vermont and the Eastern District of Tennessee. Fairbanks relayed information to me under the terms of a proffer letter that granted him use immunity, among other terms. I have found the information provided by Fairbanks to be reliable and have corroborated the information by speaking with witnesses Fairbanks identified as having first-hand knowledge and my own observation of the location Fairbanks described. Fairbanks provided information that Marion "Dean" MCLAUGHLIN, is in possession of unregistered destructive devices and not storing explosives in a certified container.

3

The information was that MCLAUGHLIN was possessing destructive devices and explosives at a site that he owns, located at 150 Johnson Way, Chuckey, TN, 37641 (GPS coordinates 36.209170748008304, -82.69529397167186). The Subject Property is more fully described in Attachment A (the "Search Location").

2. I have personally observed, though not made entry upon, the Search Location. The Search Location is described in Attachment A and B. The Search Location is approximately one mile from Chuckey Elementary School and is approximately two tenths of a mile from residential dwellings. According to records maintained by the local tax assessor's office, the property is owned by MCLAUGHLIN and his spouse, Linda MCLAUGHLIN.

3. Acting on the information Fairbanks provided, I interviewed Josh Free and Adam Stephens. Each stated they have known MCLAUGHLIN to own the Search Location for years. On November 20, 2019, I participated in an interview of Josh Free. Free stated that during September 2019, he went with Stephens to the Search Location to look at tools that might be for sale. While at the Search Location, Free observed barbwire and metal gates surrounding the property. Free observed several metal shipping containers on the property, and Stephens showed Free items contained in two of the shipping containers. Free observed vehicles and heavy machinery including a bulldozer and a Deuce and a Half which is a 2 ½ ton military cargo vehicle commonly used for transportation. Free stated he observed military medical items and military MRE's (Meals Ready to Eat) and large quantities of ammunition in crates and military shipping containers. Free stated the ammunition was in assorted calibers for pistols and larger rifle calibers like 30-06 and .50-caliber ammunition. Free observed 6 or 7 military style grenades with pins still intact and stated he didn't know if they were live or not. Free stated there were other military style grenade canisters, silver in color, that were also in boxes. Free described

4

other military style boxes as olive drab in color and military style wood crates. Free stated there were empty cases and other unopened tubular containers that had "projectile" stamped on them. Free stated there was also containers that were labeled "Nitro Glycerin" that were leaking substances. Free stated that seeing these explosive materials frightened him, and he told Stephens he wanted to leave. Free stated that Stephens described MCLAUGHLIN as a "Doomsday Prepper" and had indicated he had other large quantities of items in the other shipping containers located at the Search Location, but that Stephens didn't have the key to unlock them. The two shipping containers that Free said were locked are closest to train tracks on one side of the Search Location. Free stated that Stephens advised him that he went to the Search Location at least once a week.

4. On November 20, 2019, I participated in an interview of Adam Stephens. Stephens has a criminal record and is currently a pretrial detainee on state of Tennessee charges. Stephens is also the grandson of MCGLAUGHLIN. Stephen's information is reliable, though, because it is corroborated by Josh Free's statements and is consistent with my personal observations of the Search Location. During the interview, Stephens stated he goes to the Search Location once a week to check on the property. Stephens stated MCLAUGHLIN purchased the Search Location years ago for hunting and storing items for prepping. Stephens stated MCLAUGHLIN is a "Doomsday Prepper" and had metal shipping containers for storing medical items, food, seed, ammunition and other items. Stephens stated that he normally goes there to take ammunition to shoot. Stephens stated MCLAUGHLIN has credentials for explosives and stored explosives at his home and the Search Location. Stephens stated there are several military style grenades in one of the shipping containers. Stephens believes they may be empty, but they do still have pins and spoons attached to them. Stephens stated MCLAUGHLIN has silver

5

grenades that he thought may be for smoke, flash bangs, or contain CS gas. Stephens stated there is at least one military style 30mm grenade launcher in the storage unit and attachments for smoke grenades. Stephens stated a lot of the ammunition is stored in military style crate boxes, green in color and that some of the ammunition has started to corrode. Stephens also stated there are at least three large green plastic boxes at the front of the shipping container that are labeled Nitro Glycerin and are leaking a substance out of those boxes. Stephens stated he had just been at the Search Location before his arrest on November 9, 2019. Stephens stated MCLAUGHLIN is in possession of several registered machine guns that he keeps at his residence, in addition to explosives. Stephens stated he believed that MCLAUGHLIN had credentials allowing him to have explosives.

5. A query of ATF's Industry Operations Inspections database revealed MCLAUGHLIN does have 14 registered, National Firearms Act weapons[1] registered to his name. With regard to explosives, 27 C.F.R. Part 555 contains various provisions regarding licensing and permitting the shipment, transportation, receipt, possession, or distribution of explosive materials. I have conducted a check of ATF records and have determined that MCLAUGHLIN has no license to manufacture destructive devices and no license or permit to possess explosive materials.

6. Based on my training, experience and consultation with ATF Certified Explosive Specialists (CES), explosive disposal technicians, and other industry experts, I know that Nitroglycerin is a regulated explosive and is designated as an "explosive" on the list of

---

[1] The National Firearms Act, 26 U.S.C. 5845(b), defines a machine gun to include any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. Fully automatic weapons (commonly referred to as machine guns) require a federal tax stamp and registration under the National Firearms Act. Without compliance, possession of those firearms is illegal

6

Case 2:19-mj-00314-CRW   Document 1   Filed 11/22/19   Page 7 of 11   PageID #: 7

explosives promulgated under 18 U.S.C. § 841(d) and 27 C.F.R. § 55.23. This designation means that shipping, transporting, causing to be transported, and receiving Nitroglycerin without complying with the licensing and permitting requirements of 27 C.F.R. Chapter 555 is unlawful under both 18 U.S.C. § 842(a)(3) and 27 C.F.R. § 555.26. The unlawful receipt of Nitroglycerin constitutes a Federal felony under 18 U.S.C. § 844(a)(1). I also know that storing Nitroglycerin in uncertified magazines is unlawful and constitutes a Federal misdemeanor under both 18 U.S.C. §§ 842(l) and 844(b) as well as 27 C.F.R. § 555.164.

7. I also know that Nitro Glycerin is an extremely volatile and dangerous substance. By this affidavit and application, I am requesting that the warrant authorize the use of any specialized explosive disposal techniques and equipment necessary to ensure the safety of agents executing the warrant as well as the safety of nearby residents in the geographic area of the Search Location.

8. Based upon the facts outlined above, there is probable cause to believe that the Subject Location fully described on Attachment A

Respectfully submitted,

_____
Bryan C. Williams, Special Agent

Subscribed and sworn to before me on November 22nd, 2019

_____
Honorable Cynthia Richardson Wyrick
United States Magistrate Judge

7

## ATTACHMENT A
(DESCRIPTION OF PROPERTY)

The property to be searched is located at 150 Johnson Way, Chuckey, Tennessee. It is a privately owned property that is vacant. Barbwire and metal gates surround the property. The property contains multiple metal shipping containers and heavy construction machinery. There is also a small old, degrading camper. There is access to the property from Johnson Way and railroad tracks are located in the front of the property. Residences are located directly in front of this property, separated by the railroad tracks. There is believed to be only one entry and exit point, which is from Johnson Way.

View from Johnson Way



    The Tennessee Tax Assessor Property Lines of 150 Johnson Way, Chuckey, TN are depicted on the following page.



# ATTACHMENT B

The property to be searched, described in Attachment A, is believed to conceal evidence of the offenses of the unlawful receipt of Nitroglycerin in violation of 18 U.S.C. § 842(a)(3) and 27 C.F.R. § 555.26, the unlawful storage of Nitroglycerin in violation of 18 U.S.C. §§ 842(l) and 27 C.F.R. § 555.164, and unlawfully possessed firearms and/or destructive devices that require registration under the National Firearms Act, said evidence being more fully described as follows:

- Unlawfully possessed explosives, including, but not limited to, Nitroglycerin;
- Unlawful containers holding explosives, including containers holding Nitroglycerin;
- Unlawfully possessed destructive devices;
- Unlawfully possessed firearms and destructive devices that require registration under the National Firearms Act;
- components to manufacture destructive devices, to include, without limitation, nails, tape, pipe, shrapnel, and plastic containers;
- books, records, receipts, schedules, currency, bank checks, cashier's checks, money orders, notes, ledgers, and other papers or business records relating to the purchase, making, receipt, possession, or use of unlawfully possessed explosives or unlawfully possessed firearms or destructive devices that require registration under the National Firearms Act;
- electronic audio and/or video recording devices, including video cameras, media storage devices, and closed circuit television cameras and monitors which are or may be used to protect and secure the property described on Attachment A and related storage media.